In re CHASE & SANBORN CORP. f/k/a General Coffee Corp., et al., Debtor(s).

Paul C. NORDBERG, Trustee, etc., Plaintiff,

v.

NATIONWIDE TRUCKING, INC., Defendant.

Bankruptcy No. 83-00889-BKC-TCB. Adv. No. 85-0678-BKC-TCB-A.

United States Bankruptcy Court, S.D. Florida.

July 15, 1985.

Ronald Neiwirth, Miami, Fla., for plaintiff.

Richard B. Austin, Miami, Fla., for defendant.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks to avoid an alleged preference. Defendant has answered and the matter was tried on July 8.

The facts are undisputed. Defendant received payment in the amount of $1,200 on April 8 and in the amount of $12,006 on May 6, 1983, which is less than 90 days before commencement of this bankruptcy case. The trustee has established each element of an avoidable preference under 11 U.S.C. § 547(b) with respect of $11,140 of those two payments.

The amendments made to § 547(c) by the 1984 Act are not applicable to this case and, therefore, to this adversary proceeding. Pub.L. 98–353, § 53(a).

■ The defense presents two points. Defendant argues that the bulk of the payments were:

"made not later than 45 days after such debt was incurred." § 547(c)(2)(B).

If so, to that extent the trustee may not avoid the alleged preference.

Defendant is a trucker which in each instance received payment more than 45 days after it had performed its services by delivering goods to the debtor, but (in many instances) within less than 45 days after it mailed its invoice to the debtor. It argues that the debt was not "incurred" until it mailed its invoice to the debtor, because it is required by custom in the industry to furnish a proof of delivery by signed receipt to the customer before the customer is obliged to make payment. Its custom and practice is to delay invoices until the proof of delivery can be enclosed.

In *Sandoz v. Fred Wilson Drilling Co. (Matter of Emerald Oil Co.)*, 695 F.2d 833, 837 (5th Cir.1983), the court said:

"In our view, for purposes of the 'ordinary course of business' exception to avoidability created by § 547(c)(2), a debt is incurred when the debtor becomes obligated to pay it, not when the creditor chooses to invoice the debtor for his work or goods."

This holding is in accord with almost all decisions in point. The court notes that a contrary view would create the possibility of any quality of treatment of similarly situated creditors, depending on the vagaries of their billing practices, but would also let a particular creditor who foresees the threat of bankruptcy to secure preferential treatment for himself by timing his bill.

Both the statutory exception and the court's interpretation are necessarily arbitrary, but I see no basis for an exception or a different holding here.

■ Defendant's second contention is that the May 6, 1983 payment was:

"intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor." § 547(c)(1)(A).

The defendant refused to make its last delivery, of May 20, 1983, until it had received the subject payment for previous shipments, which payment was then long overdue. I am unable to find from the

record before me that this last payment falls within the statutory exception quoted above. Similar facts were before the court in *McClendon v. Cal-Wood Door (In re Wadsworth Building Components, Inc.)*, 711 F.2d 122, 124 (9th Cir.1983), where the court said:

> "Here, the stipulation of facts states that the debtor was required to pay *past* debts before it would receive further credit. Value was given only for a future promise to pay. The check, therefore, is not exempted from treatment as a preference by § (c)(1)."

As is required by B.R. 9021(a), a separate judgment will be entered in favor of the plaintiff and against the defendant in the amount of $11,140. Costs may be taxed on motion.