**In re FAMILY HOME SALES CENTER, INC., Debtor.**

**Paul W. BONAPFEL, Chapter 7 Trustee for Family Sales Center, Inc., Plaintiff,**

**v.**

**William R. LUBOLD, Ind., d/b/a Star Quality Builders, Defendant.**

**Bankruptcy No. 83–04266A. Adv. No. 86–0376A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 18, 1986.

Therese L. Glisson, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for trustee.

William R. Lubold, pro se.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Plaintiff initiated this proceeding to recover an allegedly preferential transfer. The case is presently before the Court on plaintiff's motion for summary judgment. The following material facts appear to be undisputed:

On or about May 11, 1983, the defendant issued an invoice to the debtor for goods delivered and services rendered in the amount of $3,783.00. The terms on this invoice were C.O.D. Defendant refused to do additional work for the debtor until this invoice was paid. Debtor had ordered additional work on June 8, 1983 and paid the $3,783.00 invoice in full on July 5, 1983, by check dated June 27, 1983. The Trustee's complaint alleges this transfer of $3,783.00 to be a voidable preference.

Upon the payment of the first invoice, defendant delivered additional goods and services to the debtor on or about July 3, 1983. The invoice for this transaction was issued on June 8, 1983 and was to be paid C.O.D. On July 27, debtor tendered its check for $2,819.00 in the full amount of this second invoice. This check was returned for insufficient funds, and the second invoice has not been paid by the debtor.

■ Plaintiff's motion for summary judgment seeks judgment in the amount of only $964.00. Thus, plaintiff recognizes that, under 11 U.S.C. § 547(c)(4), the allegedly preferential transfer of $3,783.00 by the debtor cannot be avoided to the extent that, after the transfer, the creditor/defendant gave new value for which the defendant was not paid and not given a security interest. Consequently, the $3,783.00 transfer is not avoidable to the extent of the $2,819.00 worth of goods and services which the defendant supplied to the debtor and for which the defendant was not paid.

■ Defendant has raised two other defenses to the avoidance of any part of the $3,783.00 transfer. The first defense is that the transfer was intended by the parties to be a contemporaneous exchange for new value given and was in fact a substantially contemporaneous exchange. If this were the case, under 11 U.S.C. § 547(c)(1), the Trustee could not avoid the transfer. However, it is undisputed that the $3,783.00 payment here was on account of an antecedent debt incurred when the goods and services were received but not paid until well after the date of the shipment involved. Defendant's answer asserts that the new value given was the delivery of $2,819.00 worth of additional goods and services. This situation is not covered by the § 547(c)(1) defense. That subsection applies to cash or quasi-cash transactions. *See, e.g., Kallen v. Litas,* 47 B.R. 977, 983 (N.D.Ill.1985). Here, the defendant required the debtor to pay for *past* debts before it would receive further goods or services on credit. Such a situation is not exempted from preference treatment by subsection (c)(1). *See In re Chase & Sanborn Corp.,* 51 B.R. 734 (Bankr.S.D. Fla.1985) (overdue payment to trucker who refused to make last delivery until said payment was received was preference).

■ The creditor's second defense is based on the ordinary course of business exception of 11 U.S.C. § 547(c)(2). The plaintiff argues that the payment was not within the ordinary course of business of the parties because the delivery invoiced on May 11, 1983 was to have been paid upon delivery on May 17 but was not in fact paid until July 5. While the span of time between the incurrence of the debt and the date of the payment is no longer a specific element of § 547(c)(2) under the 1984 amendments to the Bankruptcy Code, this case arose before the effective date of those amendments. The pre-amendment Code required as an element of the § 547(c)(2) defense that the transfer in question be made not later than 45 days after the debt was incurred. 11 U.S.C. § 547(c)(2)(B) (1978).

Here, the debt in question was invoiced C.O.D. on May 11, 1983 but the shipment date as shown on the invoice was May 17,

1983. Therefore, the debt was incurred on May 17, 1983 when the debtor became liable to pay for the goods and services received. *See In re Chase & Sanborn Corp.*, 51 B.R. 734 (Bankr.S.D.Fla.1985) (debt is incurred when services are performed and not when invoices were mailed).

The Trustee states that payment was not made until July 5, 1983, the forty-ninth day after the debt was incurred and the date the check was cleared by the bank. However, this Court has previously adopted the rule that delivery of a check within forty-five days after a debt is incurred satisfies the § 547(c)(2) exception (assuming the other criteria are met), so long as the check is presented within a commercially reasonable time and is honored when presented. *Bonapfel v. Duo-Fast Corporation, Southeast Sales and Service Division (In re All American of Ashburn, Inc.)*, Adv. No. 86–0084A, Case No. 83–03719A (Bankr.N.D.Ga. April 17, 1986) (Drake, B.J.); *see also Roberson Produce Company, Inc. v. Northern Potato Sales, Inc. (In re Roberson Produce Company, Inc.)*, Adv. No. 84–0070A, Case No. 82–00237A (Bankr.N.D.Ga. Nov. 14, 1984) (Drake, B.J.); *accord O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35, 37 (1st Cir.1984); *Young Supply Company v. McLouth Steel Corp.*, 55 B.R. 357 (E.D.Mich.1985); *In re Sider Ventures & Services Corp.*, 47 B.R. 406 (S.D.N.Y. 1985).

Here, the check was dated June 27, 1983, the forty-first day after the debt was incurred. The date on the reverse of the check shows that it had entered the bank collection process by June 29, 1983, the forty-third day after the debt was incurred. Clearly then, the check had been delivered within the statutory forty-five day period and had been promptly presented for payment. Therefore, this element of the § 547(c)(2) exception is met.

To avoid summary judgment in favor of the Trustee by asserting the affirmative defense of § 547(c)(2), defendant has the burden to establish a material issue in respect to the other three elements of the provision. *See In re Auto-Train Corp.*, 55

B.R. 69, 71 (Bankr.D.D.C.1985). The remaining elements are: (1) that the transfer was in payment of a debt incurred in the ordinary course of business of both parties; (2) that the transfer was made in the ordinary course of business of both parties; and (3) that the transfer was made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

Here, it is undisputed that payment of a delivery which was invoiced C.O.D. was not made until more than 40 days after delivery and was made then due to pressure by the creditor in refusing to have further dealings with the debtor. Such a late payment of a C.O.D. purchase is not a payment made according to ordinary business terms. *See Barash v. Public Finance Corp.*, 658 F.2d 504, 510 (7th Cir.1981) (irregular or unusual payments are not protected from the trustee's avoidance power); *see also In re Western World Funding, Inc.*, 54 B.R. 470, 480 (Bankr.N.Nev.1985) (purpose of (c)(2) exception is to protect ordinary trade credit transactions which are kept current). Also, the payment was not made in the ordinary course of business of the debtor and the creditor but was made only after the defendant's refusal to take another order until the invoice for the prior order was paid. Exercise of leverage or pressure by the creditor on the debtor to make a payment is a factor in deciding whether the transfer was in the ordinary course of business. *See In re Production Steel, Inc.*, 54 B.R. 417 (Bankr.M.D.Tenn. 1985); *In re Brenton's Cove Development Co.*, 52 B.R. 287 (Bankr.D.R.I.1985). Furthermore, defendant has presented no evidence suggesting that the late payment was consistent with the prior course of dealings of the parties, which is another consideration under § 547(c)(2). *See In re White*, 58 B.R. 266 (Bankr.E.D.Tenn.1986).

Defendant's argument that his company did not default on its business dealings and that the debtor is the defaulting party tends only to show that defendant is a creditor—one of many parties owed money by the debtor. At issue here is whether defendant received an amount during the

statutory 90–day period which should in equity be reclaimed so that defendant and his fellow creditors will stand on an equal footing when the estate is distributed to them.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment in the amount of $964.00 be GRANTED.