**In re FINELLI JEWELRY CO., INC., Debtor.**

**Bankruptcy No. 8700554.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 19, 1987.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., Trustee.

William J. McGair, Providence, R.I., for debtor.

Leonard Accardo, Jr., Thomas A. Tarro III, Providence, R.I. for Joseph A. and Marie Boscia.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on November 3, 1987, on the Trustee's petition for instructions, and on the motion for relief from stay filed by Joseph and Marie Boscia, and submitted on supplementary memoranda furnished at the Court's request on the issue of preference.

The preference asserted by the Trustee arises out of the Sixth Division District Court consent order of August 4, 1987, entered eight days before the petition, which, inter alia, terminated a lease dated November 13, 1985 between Joseph A. Boscia and Marie Boscia, and Finelli Jewelry Co., Inc. The Trustee now seeks to avoid the termination of the lease, and to assume the same on behalf of the estate, pursuant to 11 U.S.C. § 365(b)(1). This would enable him to exercise the option to purchase under Article XXI, Section 21.1 of said lease, and to sell the property as an asset of the estate. The Trustee contends that the August 4, 1987, consent order terminating the lease also relinquished a valuable asset, i.e., the option to purchase the premises, and that the debtor's action constitutes a voidable preference under 11

U.S.C. § 547. In particular, the order terminating the lease operated as a transfer (without adequate consideration) of the option, back to Joseph and Marie Boscia (creditors), and that said transfer constituted a preference. We agree with the Trustee's contention, and adopt the reasoning included in his memorandum.

This bankruptcy petition was filed on August 12, 1987, just eight days after the entry of the order in question. It is clear from the evidence, which includes an offer by Michael DiDomenico to purchase land and buildings from the Trustee, that the option contained in the lease is probably the most valuable asset in this case. The worth of the option is plainly reflected in DiDomenico's offer of $300,000, which is $100,000 more than the $200,000 option purchase price. It is equally clear, based on the facts before us, that the Trustee has the right to assume the lease, exercise the option, and to cure defaults which had accrued prior to the entry of the August 4, 1987, court order. 11 U.S.C. § 365(b)(1).

Joseph and Marie Boscia are pre-petition, as well as post-petition creditors of the debtor. The debtor's agreement to relinquish the (contract) right to purchase the subject property from the Boscias is a transfer for the benefit of a creditor, for an antecedent debt, without fair consideration. A contract right is property of the estate as defined in 11 U.S.C. § 541. The August 4, 1987 order indicates that there was a $10,000 rent arrearage, extending over a five month period. The debtor's failure to pay pre-petition rent, and the sworn schedules listing $180,342.44 in unsecured debt clearly establish the debtor's insolvency. The transfer was made within ninety days of the filing of the bankruptcy petition. If the $100,000 at stake here was paid directly to the Boscias on August 4, 1987, that would result in more funds going to the Boscias than they would receive as creditors sharing these proceeds, pro rata, with other creditors in a liquidation.[1] The transfer in question, if allowed to stand, would accomplish precisely the same result.

Co-counsel for the Boscias attempt to equate a three week extension of time to vacate the premises, with new value under 11 U.S.C. § 547(c)(1). This argument is without merit. Allowing a tenant to remain in possession for three weeks, which would amount to approximately $1,500 of rent, in return for an option worth at least $100,000, is in no way a fair exchange for new value. The value given in a contemporaneous exchange must approximate the worth of the asset transferred, to qualify as an exception to the preference provisions.

For all of the foregoing reasons, we conclude that the lease termination and resulting surrender of the purchase option to the Boscias constitutes a preference under 11 U.S.C. § 547, and hold that said transfer is hereby set aside. Accordingly; (1) the motion for relief from stay filed by Joseph and Marie Boscia is denied; (2) the consent judgment and underlying agreement to terminate the lease is declared void; (3) the Trustee's request for leave to assume the lease is granted; as is his request for permission to exercise the option to purchase the subject property for $200,000; and (4) the Trustee is authorized to sell the subject property to Michael DiDomenico for the sum of $300,000.[2]

---

1. Based upon the scheduled debts and estimated assets in this case, unsecured creditors will not receive 100% of their claims in a liquidation.

2. Although it was not a contested issue, the Trustee is also authorized to sell the subject machinery and equipment to Michael DiDomenico for $50,000.