## In re ROBINSON BROTHERS DRILL-ING, INC. and Robinson Brothers Drilling Company, Debtors.

## Harold G. LOWREY, Chapter 11 Trustee for the Estate of the Debtors, Appellee,

v.

## U.P.G., INC. and Richardson Rig and Construction, Inc., Appellants.

### No. 87–2680.

United States Court of Appeals, Tenth Circuit.

June 13, 1989.

Tony M. Davis (Andrew R. Turner, on the brief), of Conner & Winters, Tulsa, Okl., for appellee.

Gray Byron Jolink of Law Office of Gray Byron Jolink, Austin, Tex., for appellants.

Before SEYMOUR, BARRETT and BALDOCK, Circuit Judges.

PER CURIAM.

Harold B. Lowrey (Trustee), the trustee in bankruptcy for the consolidated estates of Robinson Brothers Drilling, Inc. and Robinson Brothers Drilling Company (collectively, Robinson Brothers), brought this action to recover certain sums paid by Robinson Brothers to J.T. Richardson Rig & Construction, Inc. (Richardson) as a preference under 11 U.S.C. § 547(b) (1982). Richardson was subsequently purchased by U.P.G., Inc., which has assumed the liability of Richardson for the purposes of this action. The district court, sitting as an appellate court in bankruptcy, ruled that, except as to the amount of two mechanic's liens filed against property of the bankrupt estate, a certain payment made by Robinson Brothers to Richardson was an avoidable preference, reversing in part the bankruptcy court's holding that the entire payment was a contemporaneous exchange for new value under § 547(c)(1) of the Bankruptcy Code. Richardson and U.P.G. now appeal, arguing that the bankruptcy court's original disposition was correct. We affirm.

The essential facts of this case were stipulated by the parties in the pretrial order. On May 2, 1983, within the ninety-day preference period prior to bankruptcy, Robinson Brothers transferred to Richardson the sum of $40,000.00 in payment of invoices totalling $49,108.33. The invoices related to Richardson's provision of roustabout services on several of Robinson Brothers' wells. In consideration for this transfer, Richardson released valid liens against Robinson Brothers' property totalling $7,884.97. It also agreed that the $40,-000.00 sum would represent payment in full for the above invoices.

Shortly thereafter, Robinson Brothers filed for bankruptcy. The trustee commenced the instant preference action, seeking to recover $32,115.03, representing the

difference between the amount of the transfer by Robinson Brothers and the amount of the liens released by Richardson. The bankruptcy court then joined this action with several other preference actions by the Trustee against other creditors of the estate. In the pretrial order, the parties stipulated that the transfer by Robinson Brothers to Richardson met each element of a preferential transfer under § 547(b). The primary issue before the bankruptcy court was thus reduced to whether Richardson had a complete defense to the preference action under § 547(c)(1) of the Bankruptcy Code, which provides that a transfer which is a contemporaneous exchange for new value is not avoidable as a preference.

After a hearing on the issue, the bankruptcy court ruled that, under this court's holding in *Kenan v. Fort Worth Pipe Co. (In re George Rodman, Inc.)*, 792 F.2d 125 (10th Cir.1986), it could not inquire into the value of the consideration given by Richardson in exchange for the $40,000 payment by Robinson Brothers. It therefore held that since Richardson indisputably gave some consideration in exchange for the transfer, in the form of the lien releases, the total amount of the transfer was insulated from the preference action. Consequently, it dismissed the Trustee's action against Richardson and U.P.G., Inc.

The Trustee then appealed to the district court. The sole issue reserved for the court was whether the bankruptcy court erred in holding that under *In re George Rodman, Inc.*, Richardson was entitled to a complete defense to the Trustee's preference action. The district court found *In re George Rodman, Inc.* to be inapplicable, concluding that Richardson was entitled to a defense only to the extent that it had released liens on estate property. With respect to the remaining amount, the court found that the parties intended to negotiate a reduced payment for Robinson Brothers' antecedent debt to Richardson and not to make a contemporaneous exchange for new value. Accordingly, it awarded judgment in the amount of $32,115.03 to the Trustee. Richardson and U.P.G. contend that the district court's reversal of the bankruptcy court's original ruling in this action was improper.[1]

The sole issue before us is the correct interpretation of our decision in *In re George Rodman, Inc.* That case dealt with a preferential transfer by the debtor to a creditor in the amount of $238,842 and a corresponding release by the creditor of a lien on an oil well in the amount of $238,-842. We held that the creditor was protected by the terms of § 547(c)(1), reversing the bankruptcy court's determination that this section was inapplicable because the well was a dry hole and the liens had no value at the time of the hearing. Specifically, we ruled that valuation of the transfer from creditor to debtor, in the case of the release of a valid lien, was *not* required at the time of the adversary hearing under the plain terms of § 547(c)(1). Consequently, that the lien on the well may have had no value at the time of the adversary hearing was of no importance, so long as it had value at the time of the transfer. *See also Jet Florida, Inc. v. American Airlines, Inc. (In re Jet Florida Sys., Inc.)*, 861 F.2d 1555, 1559 n. 5 (11th Cir.1988).

Although not explicitly stated in the opinion, it is elementary that the creditor in *In re George Rodman, Inc.* was entitled to the § 547(c)(1) defense because it released a lien equivalent to the full amount of the

---

1. In addition, the defendants assert that the district court erred in considering the parties' intent in making the transfer and that joinder of Trustee's preference claims against the other creditor-defendants was improper. Since the parties' intent to make a contemporaneous transfer is an essential element of the defendants' § 547(c)(1) defense, *see In re Fasano/Harriss Pie Co.*, 71 B.R. 287, 289 (W.D.Mich.1987), the district court did not err in considering relevant evidence to determine such intent. If anything, the district court's consideration of the parties' intent was beneficial to the appellants, since they chose to rely solely on their argument that *In re George Rodman, Inc.* provided a complete defense and submitted no other evidence relevant to this issue. We do not address the appellants' argument regarding improper joinder, as it was not properly preserved in the pretrial order and not considered by either the bankruptcy or the district court. *See Farmers Ins. Co., Inc. v. Hubbard*, 869 F.2d 565, 569, 570 (10th Cir.1989).

transfer by the debtor. Thus, the estate was not diminished by the transfer because the creditor was secured by a valid lien to the full extent of transfer by the debtor, and the goals of the § 547(c)(1) defense were met. Conversely, in this action, Richardson released liens covering only a small portion of the debt owed by Robinson Brothers; the remaining $32,115.03 represented Richardson's recovery on unsecured claims in excess of what it could have recovered under Chapter 7 had the transfer not taken place. *See 4 Collier on Bankruptcy* ¶ 547.08 at 547–38 to –39 (L. King 15th ed. 1988). This is precisely the type of preferential arrangement between debtors and creditors that § 547(b) is intended to prevent.

Richardson argues, however, that the fact that the amount of the liens released did not equal the amount of the preferential transfer is irrelevant, so long as the parties intended to make a contemporaneous exchange. This same argument was raised in *In re Jet Florida Systems, Inc.* and rejected. There the court stated,

> Under American's view, a court conducting an inquiry under section 547(c)(1) would focus exclusively on the subjective intentions of the creditor and debtor. Construing the whole of section 547, however, we conclude that Congress was clear in requiring that a party seeking the shelter of section 547(c)(1) must prove the specific measure of the new value given to the debtor in the exchange.
>
> Section 547(c)(1) protects transfers only "to the extent" the transfer was a contemporaneous exchange for new value. A court must measure the value given to the creditor and the new value given to the debtor in determining the extent to which the trustee may void a contemporaneous exchange.

861 F.2d at 1558–59; *see also In re Finelli Jewelry Co.*, 79 B.R. 521, 522 (Bankr.D.R.I. 1987) (value in a contemporaneous exchange under § 547(c)(1) must approximate worth of asset transferred in order to qualify as an exception to preference provision); *In re Louisiana Indus. Coatings, Inc.*, 31 B.R. 688, 695 (Bankr.E.D.La.1983) (the requirement of new value "implies at a minimum some reasonable equivalence of value in the considerations flowing from the debtor to the creditor and vice versa"). Moreover, the Bankruptcy Code's definition of the term "new value" implies that the creditor must prove the specific valuation in "money or money's worth in goods, services, or new credit." *See In re Jet Florida Sys., Inc.*, 861 F.2d 1555; 11 U.S.C. § 547(a)(2). Were we to hold otherwise, nearly any transfer for or on account of an antecedent debt would be insulated from recovery as a preference under § 547(c)(1).

While under *In re George Rodman, Inc.* the court will not inquire into the value of the liens released by Richardson, stipulated in this case to be in the amount of $7,884.97, it is the defendants' burden to prove with specificity that Richardson gave new value equivalent to the remainder of the debt not secured by these liens. *In re Jet Florida Sys., Inc.*, 861 F.2d at 1559. The defendants argue that, in addition to the release of valid liens, Richardson transferred new value in the form of new credit and forgiveness of debt. However, the record is devoid of any evidence of new credit extended to Robinson Brothers, and the fact that Richardson may have promised to continue to do business with Robinson Brothers if it paid its bills is not new credit or new value to the estate. *See McClendon v. Cal–Wood Door (In re Wadsworth Bldg. Components, Inc.)*, 711 F.2d 122, 124 (9th Cir.1983); *In re Circleville Distrib. Co.*, 84 B.R. 502, 505 (Bankr. S.D.Ohio 1988); *In re Family Home Sales Center, Inc.*, 65 B.R. 176, 177 (Bankr.N.D. Ga.1986); *In re Olympic Foundry Co.*, 51 B.R. 428, 430 (Bankr.W.D.Wash.1985). Having failed to establish that the value given by Richardson in the contemporaneous transfer substantially approximated that transferred by the debtor, the defendants are entitled to § 547(c)(1) protection only to the extent of the liens, and the remaining $32,115.03 must be treated as a preference.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.