OPINION OF THE COURT
ALDISERT, Circuit Judge.
In these consolidated appeals from the district court’s judgment that affirmed ap *943 peals from the bankruptcy court, we must decide if the appellant, who is the trustee of Kumar Bavishi & Associates, debtor, could properly set aside alleged preferential transfers to R.K. Mahajan and S.S. Mahajan, appellees. The bankruptcy judge determined that the trustee did not establish the right to avoid the transfers because the debtor had received new value in a contemporaneous exchange in the form of a loan guarantee. The trustee appealed and the district court affirmed. The trustee has now appealed to us and we affirm.
Jurisdiction in the trial court was proper based on 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d), 1291. This appeal was timely filed.
This appeal turns on whether the guarantee by appellees constitutes “new value.” The determination of “new value” is a mixed question of law and fact. In re Spada, 903 F.2d 971, 975 (3d Cir.1990). “[W]e exercise plenary review of the legal standard applied by the district and bankruptcy courts, but review the latter court’s guidelines of fact on a clearly erroneous standard.” Id. (quoting In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir.1986) (quoting Universal Minerals Inc. v. C.A. Hughes & Co., 669 F.2d 98, 103 n. 6 (3d Cir.1981))).
I.
R.K. Mahajan and his brother, S.S. Maha-jan, were limited partners in the debtor partnership, Kumar Bavishi & Associates. The parties stipulated that both brothers were creditors of the debtor. App. at 502, 509. For convenience we will refer to both brothers as the “appellee” in this opinion. In April 1984, the debtor partnership was in desperate need of additional operating funds, and applied to a lending institution for a $200,000 loan. The lending institution, Salween Financial, declined to grant the loan solely on the credit of the debtor and its general partner, and insisted upon receiving the personal guarantees of other parties for the full amount of the loan.
Appellee and the other limited partners were under no legal obligation to provide their personal guarantees. However, to induce appellee to guarantee payment of the proposed loan from Salween Financial to the partnership, the general partner, on behalf of the partnership, agreed to pay off a portion of the partnership’s pre-existing debt to appellee, in an amount equal to appellee’s estimated share of the exposure on the personal guarantee of the $200,000 loan. Because six of the limited partners, including the appellee, were to become guarantors of the $200,000 loan, it was agreed that appellee’s exposure would probably not exceed $33,333. Accordingly, immediately upon consummation of the loan transaction, $33,333 of appellee’s preexisting debt was repaid in exchange for appellee’s personal guarantee. The other limited partners received nothing for their guarantees. It is the payment by the partnership of the $33,000 debt owed appellee that is challenged by the trustee as a preferential transfer and defended by the ap-pellee as a “new value” exception to the preferential transfer concept.
Debtor petitioned for reorganization under Chapter 11 on June 14, 1984, about two months after the payment to the Mahajans. The guarantors were then sued by Salween Financial and forced to satisfy the $200,000 loan. Appellees paid approximately $41,-000 each.
Thereafter the Chapter 11 proceeding was converted into a Chapter 7 liquidation. The debtor’s trustee instituted adversary proceedings against R.K. Mahajan and S.S. Mahajan, to set aside the alleged $33,000 preferential transfers under 11 U.S.C. § 547. Alternatively, the trustee challenged the transfers as fraudulent under 11 U.S.C. § 548 and as a violation of the Pennsylvania Limited Partnership Act, 59 Pa.C.S.A. § 527 (repealed 1988).
The bankruptcy judge dismissed the section 548 claim on the grounds that the trustee failed to prove that the challenged transaction had been accomplished with intent to hinder, delay or defraud creditors. The trustee has not challenged that ruling. The bankruptcy judge further ruled that, although the challenged transfer had occurred within the preference period, the appellee had met his burden of proving *944 that the transaction fell within the exception stated in section 547(c), in that the defendant had given new value in contemporaneous exchange for the challenged transfer. Although the bankruptcy judge did not address the state law claim under the Limited Partnership Act, the district court did. The District court stated that the “new value” that constituted a defense to the preferential transfer action also constituted a defense to the fraudulent transfer action of the Pennsylvania Uniform Limited Partnership Act.
II.
The general rule regarding transfers made prior to bankruptcy is contained in 11 U.S.C. § 547(b)(4)(A):
the trustee may avoid any transfer of an interest of the debtor in property — (4) made — (A) on or within 90 days before the date of filing of the petition....
The trustee is plainly entitled to avoid the transfer by debtor to appellees as a preferential transfer because it was made within 90 days of the bankruptcy petition filing, unless the transfer falls within one of the exceptions provided in section 547(c). Section 547(e)(1) provides that the trustee may not avoid a transfer:
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact, a substantial contemporaneous exchange....
Section 547(c)(4) provides that the trustee may not avoid the payment of funds when “after such transfer, such creditor gave new value to or for the benefit of the debtor....”
For purposes of both of these exceptions, section 547(a)(2) defines "new value” as “money or money’s worth in goods, services or new credit....” In our view, the district court did not err in concluding that the facts here came within the “new value” exception discussed hereinafter in detail.
III.
As a preliminary matter, we are convinced that the $33,000 payments were preferential transfers under 11 U.S.C. § 547(b). Even if the issue of whether this transfer was preferential had been preserved for appeal, appellee would not have succeeded. We reject appellee’s argument that the transfer was not a transfer of an interest of the debtor in property. Similarly, we are not persuaded that the funds borrowed by Salween were earmarked for payment to appellee. The record does not reflect the existence of an agreement between Salween and the debtor that the funds be used to pay a specified antecedent debt as required by In re Bohlen Enters., Ltd., 859 F.2d 561, 566 (8th Cir.1988).
Accordingly, we must decide whether the transfer was for “new value,” such that the exchange satisfied the requirements of 11 U.S.C. § 547(c)(1) or 11 U.S.C. § 547(c)(4). We hold it was a transfer for new value that satisfied the statutory requirements.
IV.
Appellee contends that the $33,333 transfer was part of a contemporaneous exchange in which new value was given in the form of a personal guarantee of the $200,000 loan to the partnership. 11 U.S.C. § 547(c)(1). He further argues that when, after bankruptcy, he was required to pay the lending institution more than $40,000 on account of the personal guarantee, he gave new value for the benefit of the debt- or “after such transfer,” within the meaning of section 547(c)(4). For either or both of these reasons, appellee argues the trustee may not avoid the transfer.
The trustee responds with an extremely sophisticated argument: that appellee’s personal guarantee did not enhance the value of Debtor’s estate and that somehow this prevents the guarantee from constituting “new value”; that the money lent by Salween was mirrored by an obligation to the lender to be paid as a debt; that only Salween benefitted from the guarantee as increased collateral for this loan; and that payment to appellee depleted Debtor’s es *945 tate to the detriment of other creditors. Further, trustee argues that the payment of $41,000 by appellee to satisfy the guarantee does not constitute new value because payment was made post-petition. See In re Bellanca Aircraft Corp., 56 B.R. 339 (Bankr.D.Minn.1985), aff'd in part, and remanded in part, 850 F.2d 1275 (8th Cir.1988).
A.
Howsoever convoluted the trustee’s argument may be, we are persuaded that the determinative question, here, as it was before the district court, is whether executing a personal guarantee to a lending institution, to enable the debtor to obtain additional credit which it would not otherwise have been accorded, qualifies as providing “money or money’s worth in goods, services or new credit” within the meaning of section 547(a)(2), such that a contemporaneous exchange for new value took place as required by section 547(c)(1). We note the finding of contemporaneous exchange has not been challenged. The resolution of this appeal depends solely on whether appel-lee’s guarantee constitutes new value. The bankruptcy judge and the district court decided that it did.
B.
We affirm the district court’s judgment essentially for the reasons stated by it:
I agree with Judge Twardowski’s determination that, since [appellee’s] personal guarantee to the bank was an essential prerequisite to the bank’s willingness to lend $200,000 to the partnership, [appellee] should be regarded as having provided either “services” or “credit” to the partnership. See In re: Sider Ventures & Services Corp., 33 B.R. 708 (Bankr.S.D.N.Y.1983). It is therefore unnecessary to consider the (c)(4) issue.
App. at 505.
We reject the trustee’s argument that appellee’s guarantee is not “new value” as defined by § 547(a)(2) because debtor’s estate was not enhanced by the guarantee and was in fact depleted by payment to appellee. We are unable to accept the major premise of the trustee’s argument which requires us to fracture this transaction into three separate, distinct and unrelated sub-transactions: first, the loan from Salween to debtor and the concurrent debt owed by debtor to Salween; second, appellee’s guarantee to Salween and the preferential payment by debtor to appellee; and third, partial repayment of debtor’s loan by appellee to Salween. The trustee argues that none of these sub-transactions constituted new value or even benefit from appellee to debtor. It parses each sub-transaction to show that in each phase of the transaction the debtor gained nothing from appellee and even lost value: in the first sub-transaction debtor received benefit from Salween but not from appellee; in the next sub-transaction Salween received the benefit of increased collateral, and debtor’s estate was depleted; and the third sub-transaction occurred post-petition and therefore need not be considered by the court.
C.
Because we decline to parse the transaction in this unconventional manner, the trustee’s argument collapses. The argument fails to recognize the brute fact of financial life in this transaction, to wit, Salween would not have lent the money to the debtor had appellee not provided a personal guarantee. The debtor was in a better position after the transaction because it had increased cash-flow. The particular guarantee from the appellee that increased the necessary cash-flow constituted new value to the debtor. Debtor’s balance sheet was changed after the transaction, but the debtor’s estate was not depleted as erroneously urged by the trustee. The debtor acquired $200,000 in cash from Salween with a concurrent $200,000 debt. The debtor paid appellees each $33,000 but with the payment was a concurrent retirement of debt in a like amount. Before the payment, the debtor’s obligation to the ap-pellee was a balance sheet entry of a liability; after payment, to be sure, an asset of $33,000 was depleted, but the liability of $33,000 also disappeared.
*946 We also reject trustee’s assertion that a guarantee is analogous to a forbearance, which has been found not to constitute new value. See In re Duffy, 3 B.R. 263 (Bankr.S.D.N.Y.1980); In re White River Corp., 50 B.R. 403 (Bankr.D.Colo.1985). The ap-pellee here did much more than forebear from taking collection against the debtor. Appellee made the loan from Salween possible by personally guaranteeing a loan for a company he knew had financial problems. Salween Financial would not have made the otherwise unsecured loan to the debtor but for the guarantee by appellee; conversely the debtor would not have received an infusion of $200,000 new working capital but for the guarantee by appellee. Accordingly, we are satisfied that what R.K. Mahajan and S.S. Mahajan, the limited partners, contributed to the debtor, in the form of a personal guarantee to Salween Financial, was new value.
D.
We do not agree that with Trustee’s position that In re: Bellanca Aircraft Corp., 56 B.R. 339 (Bankr.D.Minn.1985), aff'd in relevant part, 850 F.2d 1275 (8th Cir.1988) compels us to hold that the making of a guarantee cannot constitute new value. Rather, like Bankruptcy Judge Twardowski and Chief Judge Fullam, we are satisfied that the analysis set forth In re: Sider Ventures & Servs. Corp., applies to the instant ease:
[T]he guarantor argues that the Bank’s new loans to the debtor result in the guarantor giving new value to the debt- or, at least when the Bank is underse-cured, because of the increase in the guarantor’s actual exposure. Here it was stipulated that the Bank would not have made the additional $200,000 in loans to Sider but for the Lewo and J L guarantees. J L gave new value in that it caused the Bank to provide new money to Sider; it provided money’s worth in the form of a service to wit, acting as guarantor; and finally it gave money’s worth in the form of new credit to Sider by virtue of the increase in the guarantee obligation....
It cannot be disputed that the estate was enhanced to the extent of the $200,000 by virtue of the additional loans. Elemental fairness requires that guarantors be treated consistently so that if they are charged with the burden of the principal debtor’s payments to the creditor they can assert those same transactions to their benefit for the purpose of establishing new value in an appropriate case.
33 B.R. 708, 712 (Bankr.S.D.N.Y.1983), aff'd, 47 B.R. 406 (D.C.N.Y.1985).
Finally, we reject Trustee’s argument that the value of the guarantee was too indeterminate in relation to the money received to satisfy section 547(c)(1). See In re Finelli Jewelry Co., 79 B.R. 521 (Bankr.D.R.I.1987). The guarantee exposed appel-lee to a potential liability of $200,000 and an actual liability of $41,000. The debtor received $200,000 in cash as a result of appellee’s guarantee. The “new value” transferred by appellee was sufficient in relation to the $33,000 transferred by debt- or to appellee to satisfy the requirements of section 547(c)(1).
V.
Because we find that appellee’s preferential transfer satisfies the exception set forth in section 547(c)(1), we do not reach the issue of whether the transfer satisfies the exception set forth in section 547(c)(4).
Finally, we also are satisfied with the district court’s treatment of the Pennsylvania statute governing limited partnerships. 59 Pa.C.S.A. § 527 (repealed 1988). See District Court Opinion, App. at 505-07.
VI.
We have considered all the contentions and authorities presented by the appellant. The judgments of the district court at Nos. 89-1976, 1989 WL 140395 and 89-1972, 1989 WL 140394 will be affirmed in all respects.