**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-41426
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL MORENO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
1:99-CR-29-ALL
_____

January 2, 2002

Before GARWOOD and WIENER, Circuit Judges and VANCE,[*] District

Judge.

PER CURIAM:[**]

Appellant Manuel Moreno appeals his sentence for possession

with intent to distribute marijuana, in violation of 21 U.S.C. §

841(a)(1).  Because the bill of information did not charge a

_____

[*]  District Judge of the Eastern District of Louisiana,
sitting by designation.

[**]  Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

specific quantity of marijuana, and Moreno's sentence exceeded five years, we vacate his sentence and remand to the district court for resentencing under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

I.    Background

Moreno was originally indicted for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). During a traffic stop, police officers found a loaded pistol on the driver's side of the truck Moreno was driving. The officers also found 175 pounds of marijuana in a companion vehicle. Moreno pleaded not guilty to the gun charge and asserted his innocence at trial. Moreno testified at trial that he was unaware that the firearm was in the vehicle. The jury failed to reach a verdict, and the judge declared a mistrial. Two months later, the government filed a one-count bill of information charging Moreno with possession with intent to distribute an unspecified amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). The drug charge arose out of the same traffic stop that was the factual basis for the gun charge. That same day, Moreno waived his right to an indictment and pleaded guilty to the bill of information in accordance with a written plea agreement. Moreno also admitted in the plea agreement that he possessed a firearm in connection with the drug offense and that a two-point sentencing enhancement should be applied under U.S.S.G. § 2D1.1(b)(1).

Moreno was sentenced several months later. As part of the presentence investigation, Moreno gave an interview to a probation officer. During that interview, Moreno denied that he knew that the gun was in the car when he committed the marijuana offense. The probation officer determined that Moreno was responsible for 79.67 kilograms of marijuana, and based on that amount, calculated Moreno's base offense level at 22. The probation officer recommended that a two-level increase for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) be added to Moreno's offense level. Moreno's criminal history category was II, which, at an offense level of 24, resulted in a sentencing guideline range of 57-71 months' imprisonment. The probation officer recommended that the district court deny Moreno a two-point downward adjustment for acceptance of responsibility because Moreno failed to accept responsibility for all relevant conduct involved in the offense, in particular, the possession of the firearm. Moreno objected to the probation officer's recommendation.

At sentencing, the district court overruled Moreno's objection and sentenced him to 71 months' imprisonment and three years of supervised release. The district court found that Moreno was not entitled to a downward adjustment for acceptance of responsibility because during the presentence interview, Moreno maintained that he did not possess a firearm in connection with the offense. The district court also referred to a section of the presentence investigation report that recommended that Moreno be denied a

3

downward adjustment for acceptance of responsibility because Moreno had forced the government to go to trial on the gun charge in the first case. Moreno filed a timely notice of appeal.

On appeal, Moreno challenges both the district court's refusal to grant him a downward adjustment for acceptance of responsibility and the validity of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

## II. Discussion

### B. Acceptance of Responsibility

#### 1. Standard of Review

The determination of the sentencing judge on acceptance of responsibility is entitled to great deference on review. *See* U.S.S.G. § 3E1.1 comment. n.5 (Nov. 2001). Failure to depart downward for acceptance of responsibility constitutes reversible error only when that decision is made without any foundation. *United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996).[1]

#### 2. Analysis

---

[1] We have not definitively determined what standard applies when reviewing a district court's refusal to grant a defendant a downward adjustment for acceptance of responsibility. *Compare United States v. Wilder*, 15 F.3d 1292, 1298 (5th Cir. 1994)(applying the "clearly erroneous" standard), *with United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996)(applying the "without foundation" standard), *and United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996)(applying the "great deference" standard). We have found, however, that "[t]here appears to be no practical difference between the three standards." *United States v. Cartwright*, 6 F.3d 294, 304 (5th Cir. 1993).

Section 3E1.1 of the United States Sentencing Guidelines provides for a two or three level reduction in a defendant's sentence if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a)(Nov. 2001). The commentary to section 3E1.1 provides a non-exhaustive list of considerations that sentencing courts are to take into account in determining whether the defendant has accepted responsibility, which include whether the defendant has falsely denied or frivolously contested relevant conduct. *See* U.S.S.G. § 3E1.1(a), comment. n.1(a) (Nov. 2001) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

Moreno asserts that the district court's failure to grant him a downward adjustment for acceptance of responsibility based on his refusal to admit to possession of the firearm violated his Fifth Amendment right against self-incrimination. He argues that a contrary ruling would force him to choose between (1) accepting responsibility for a crime, other than the one to which he has pleaded guilty, without the protection of immunity, and (2) forfeiting any consideration for a reduction in sentence. The Court disagrees.

In this case, the government agreed in the plea agreement not to prosecute Moreno on the gun charge. Further, there has been no

compelled self-incrimination on these facts. *See United States v. Mourning*, 914 F.2d 699, 706-707 (5th Cir. 1990)(statutorily overruled on other grounds); *see also United States v. Kleinebreil*, 906 F.2d 945, 953 (5th Cir. 1992) (reaffirming the holding of *Mourning* that requiring a defendant to accept responsibility for relevant conduct does not violate Fifth Amendment). The law of this circuit firmly establishes that requiring a defendant to accept responsibility for all relevant conduct before awarding a reduction for acceptance of responsibility does not deny defendant his right against self-incrimination. *Id*. Accordingly, Moreno was required to accept responsibility for the conduct involved in the drug offense, as well as for the relevant conduct of possessing the firearm in connection with the drug offense, before he was entitled to a downward adjustment for acceptance of responsibility.

We find that the district court had sufficient grounds to deny defendant a downward adjustment for acceptance of responsibility. During the course of an extended colloquy with defense counsel during the sentencing hearing, the district court explicitly found that Moreno was not entitled to a downward adjustment for acceptance of responsibility because he made contradictory statements regarding the firearm during the presentence interview and in the plea agreement. The court stated that "defendant was not being truthful at the time of the plea or he was not being truthful during the presentence interview."

6

Accordingly, the court found that it was not appropriate to grant him acceptance of responsibility.

Our review of the record reveals that Moreno acknowledged in his plea agreement that he possessed a firearm during his drug trafficking activities and stipulated to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). In contrast, in his interview with the probation officer, Moreno claimed that he did not possess a firearm in connection with the offense. Indeed, Moreno denied that the gun in his vehicle was his or that he knew that it was in the vehicle until the police stopped him. He asserted that the firearm in his vehicle belonged to his nephew. We find that the sentencing judge had a sufficient basis to find that Moreno did not accept responsibility for relevant conduct because he changed his story regarding the gun between the time he entered the plea agreement, in which he admitted that he possessed the gun in connection with the offense, and the time of the presentence interview, in which he asserted his unawareness of the gun and blamed it on his nephew.

The district court additionally appeared to rely on another basis for denying the downward adjustment. The district court stated during the sentencing hearing that, "[t]here is no adjustment for acceptance of responsibility for the reasons stated in paragraph 21 [of the PSR] and the colloquy between counsel and the court on his objection." Paragraph 21 of the PSR states that Moreno's earlier decision to go to trial on the gun charge was another reason that he should be denied a downward adjustment for

7

acceptance of responsibility.

> The defendant failed to fully accept responsibility regarding relevant conduct and offense characteristics associated with the instant offense. USSG § 3E1.1, comment. (n.1a). Furthermore, Moreno proceeded on the count of Indictment to trial dealing with "factual guilt." Thus, this has put the Government to its burden of proof and has expended the resources of the Court, which may have been otherwise used more efficiently. U.S.S.G. § 3E1.1, comment. (n.2 and 6).

Whether it is permissible for the sentencing court to find that Moreno's "not guilty" plea to the earlier indictment on the gun charge constituted a false denial of relevant conduct in the later drug case is a question of law for this Court to review *de novo*. *United States v. Brown*, 29 F.3d 953, 959 (5th Cir. 1994). We need not reach this question, however. The district court's conclusion that Moreno had not accepted responsibility was primarily based on its finding that Moreno made contradictory statements about the gun possession. This finding alone is sufficient to warrant denial of acceptance of responsibility. *See, e.g., United States v. Paredes-Batista*, 140 F.3d 367, 380 (2d Cir. 1998) (affirming denial of an adjustment for acceptance of responsibility when factual basis supported denial even though district court also relied on a flawed legal theory).

C. *Apprendi*

Moreno raises his *Apprendi* challenge for the first time on appeal. Accordingly, this Court reviews the district court's decision for "plain error." *United States v. Gonzalez*, 259 F.3d

355-359 (5th Cir. 2001).

Moreno argues that the two-level sentence enhancement for possession of a firearm violated *Apprendi*. Section 2D1.1(b)(1) of the guidelines provides for a two-level sentencing enhancement for weapons possession "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. n.3 (Nov. 2001). Here, Moreno stipulated in his plea agreement that he possessed a firearm in connection with the drug offense.

Sentencing enhancements under the guidelines, like section 2D1.1, do not implicate *Apprendi*. *See United States v. Randle*, 259 F.3d 319, 322 (5th Cir. 2000). In *Randle*, this court reiterated that a sentencing court's factual findings under the guidelines are not governed by *Apprendi*. *Id*. (citing *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir.), *cert. denied*, 531 U.S. 1177, 121 S. Ct. 1152 (2000) (finding that *Apprendi* was specifically limited to facts that increase the penalty beyond the statutory maximum and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines)). Therefore, we found that *Apprendi* did not apply to the section 2D1.1 sentencing enhancement for possession of a firearm. *Id*. ("Application of enhancements called for by the guidelines may not be used to impose any sentence beyond the statutory maximum prescribed by an offense.").

Our review of the record reveals, however, that Moreno's bill

9

of information failed to allege a drug quantity. Although Moreno's *Apprendi* challenge did not mention the government's failure to allege a specific drug quantity, the Court in its discretion finds that it is in the interests of justice and fairness to consider this argument. *See United States v. Miranda*, 248 F.3d 434, 443-44 (5th Cir. 2001) (refusing to find the *Apprendi* challenge waived when "it is clear from the record in this case that Appellants were sentenced in violation of constitutional due process as interpreted by the Supreme Court in *Apprendi.*"); *Randle*, 259 F.3d at 320-21.

We have held under *Apprendi* that "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." *Doggett*, 230 F.3d at 165. When defendant is either charged and convicted or is charged and pleads guilty to an unstated quantity, defendant may be sentenced only under the applicable default provisions of section 841. *See United States v. Gonzalez,* 259 F.3d 355, 359 (5th Cir. 2001)(citations omitted). *See also United States v. Longorio*, 259 F.3d 363, 365 (5th Cir. 2001)(per curiam). For marijuana, section 841(b)(1)(D) sets forth the statutory maximum. *See Gonzalez,* 259 F.3d at 359.

Under Section 841(b)(1)(D), in the absence of a prior

conviction for a felony drug offense,[2] the statutory maximum to which Moreno may be sentenced is a term of imprisonment of not more than five years and supervised release of not more than three years. The Court finds that the district court lacked jurisdiction to impose a longer sentence on Moreno of 71 months' imprisonment and four years of supervised release. *See Gonzalez*, 259 F.3d at n.3; *Longorio*, 259 F.3d at 365. We, therefore, vacate Moreno's sentence and remand to the district court for resentencing in accordance with this opinion.

III. Conclusion

We affirm the district court's denial of a reduction for acceptance of responsibility, but because the sentence imposed exceeds the statutory maximum of 60 months for the offense of conviction, thus violating *Apprendi*, we vacate Moreno's sentence and remand for resentencing.

---

[2] If the defendant has a prior felony drug conviction, 21 U.S.C. § 841(b)(1)(D) provides for a statutory maximum of ten years imprisonment and four years of supervised release. Although the probation officer determined in the pre-sentence report that Moreno had been convicted of a drug offense, the record indicates that the government did not file a bill of information with the court stating in writing the previous convictions to be relied upon as required by 21 U.S.C. § 851. Section 851 provides that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court. . . ." Accordingly, since the government did not comply with the requirements of section 851, it cannot now rely upon Moreno's prior conviction to increase his sentence under section 841(b)(1)(D). (Tr. Plea, at 14-15.) *See United States v. Martinez,* 253 F.3d 251, 255, n.4 (6th Cir. 2001).

11

AFFIRMED in part; VACATED and REMANDED in part.