**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-60241

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RODNEY THOMAS; HINES WEEKLY, III also known as BOREY; BERTHA T
WEEKLY
CLASTINE PITTMAN, also known as COOTER,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Mississippi

March 26, 2001

Before KING, Chief Judge, HIGGINBOTHAM and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

This is an appeal by four participants in a crack cocaine
distribution conspiracy concerning errors putatively made in their
federal jury trial and in the sentencings that followed it. For the
following reasons, we affirm the convictions and sentences with
respect to all defendants except Bertha Weekly. We vacate her
sentence and remand for resentencing.

BACKGROUND

One evening in 1997, some Clarksdale, Mississippi, police

officers executed a search warrant at the home of defendant Bertha Weekly ("Bertha"). The officers uncovered there evidence implicating Bertha, defendant Clastine Pittman ("Clastine"), defendant Hines Weekly III ("Borey"), and Defendant Rodney Thomas ("Rodney") in a conspiracy to distribute crack cocaine. Based in part on that evidence, a federal jury convicted the four of conspiring to distribute and possess with intent to distribute crack cocaine, and also convicted Bertha of aiding and abetting Borey in possessing with intent to distribute more than five grams of crack cocaine and convicted Clastine of possessing with intent to distribute more than 50 grams of crack cocaine.

Bertha argues here that prosecutorial misconduct,[1] the district court's improper admission of evidence, and an Apprendi error require reversal of her conviction or mitigation of her sentence. Borey argues that an impermissibly suggestive in-court identification produced his conviction, which, he contends, we should reverse accordingly. Clastine and Rodney argue that insufficient evidence supports their convictions and Clastine's

---

[1] While the misconduct of which Bertha complains does not merit extended treatment here – since, considered in the context of the trial in which it occurred, the misconduct does not require reversal of her convictions – it was real and inexcusable nonetheless. Although we commend the offending prosecutor for appearing before us personally and acknowledging and apologizing for two particular instances of his misconduct (his declaring before the jury that a particular defense witness was not telling the truth and his forcing Bertha to call a number of prosecution witnesses liars), we expect that similar apologies need not issue in the future.

2

sentence.

DISCUSSION

Of the arguments described above, Bertha's Apprendi argument is the only one with merit. We have carefully considered the defendants' other arguments. After reviewing the record, we are convinced that sufficient evidence supported the defendants' convictions and sentences. The evidence producing those convictions and sentences, moreover, was properly admitted.

As the government admits on appeal, the district court made an Apprendi error with respect to Bertha. After the trial and Bertha's sentencing, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to the jury and proved beyond a reasonable doubt. Id. The statutory maximum sentence for Bertha in this case was twenty years. See 21 U.S.C. § 841 (b)(1)(C). The District Court sentenced Bertha to life in prison based on the amount of crack cocaine the judge found, by a preponderance of the evidence, she possessed with intent to distribute. Because the amount of crack Bertha possessed with intent to distribute was a fact that increased the penalty for her crime beyond the prescribed statutory maximum, her sentence is unconstitutional under Apprendi. See United States v. Aquayo-Delgado, No. 99-4098, 2000 WL 988128, at *7 (8th Cir. July 18, 2000) (under Apprendi, drug quantity is an element of the offense

that must be proved beyond a reasonable doubt).

We, therefore, vacate her sentence and remand for resentencing, with any prison term not to exceed twenty years.

CONCLUSION

We affirm the district court in all respects save one: we vacate Bertha's sentence and remand for resentencing in accordance with Apprendi.

AFFIRMED in part, VACATED and REMANDED in part.

4