**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 97-20360**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**TRAVIS RANDLE,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**

---

July 17, 2001
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The Supreme Court remanded this case for further consideration in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). We remand to the district court for resentencing at the statutory maximum, 21 U.S.C. § 841(b)(1)(C), after correcting for Apprendi error.

A grand jury indicted appellant Travis Randle for involvement in a long-running drug conspiracy and for aiding and abetting drug distribution. The indictment did not allege any drug

quantities involved in the charged crimes. At a November 1996 trial, the district judge did not instruct the jury to determine the quantity of crack cocaine that Randle was responsible for, and Randle made no request for submission of sentence-related issues to the jury. The jury convicted Randle of both counts.

During sentencing proceedings, Randle's attorney objected to the presentence report's attribution of 390 kilograms of crack to Randle. The attorney noted that the government had actually introduced only 699 grams of crack against Randle and his co-defendants, and he suggested that Randle was responsible for only part of this figure.

The district court rejected this argument and concluded that Randle was responsible for ten kilograms of crack. It reached this figure by calculating drug quantities that Randle had reportedly given to a witness on specific occasions and at regular intervals over four months. The district court also cited the testimony of a two other witnesses. One witness testified that he sold Randle five to seven kilograms of crack, while the other witness's testimony suggested that Randle was responsible for as much as 390 kilograms of crack. Finally, the court noted the testimony of supporting witnesses indicating that Randle was a major supplier of crack for the Richmond, Texas area. Based on § 2D1.1(c)(1) of the sentencing guidelines, the court assigned Randle a base offense level of 38.

The district court then considered a two-level enhancement under § 2D1.1(b)(1) of the sentencing guidelines for possession of a dangerous weapon. The proposed basis for this enhancement was testimony that a co-conspirator had used Randle's car, which contained a loaded shotgun, to transport drugs on one occasion. The court noted that little direct evidence linked the shotgun to Randle's drug crimes. The court found that the shotgun was sufficiently tied to the crimes to justify the enhancement, but acknowledged that its decision on this point was "difficult" and a "close question."

Based on these findings of fact, the district judge sentenced Randle to 25 years, 4 months in prison. This sentence exceeded the 240 month statutory maximum for Randle's convictions without proof of a minimum drug quantity, see 21 U.S.C. § 841(b)(1)(C).

On appeal to this court, Randle did not raise the government's failure to indict and prove to the jury the facts necessary to support the drug quantity and firearms enhancements. This court affirmed Randle's conviction and sentence, issuing an opinion the same day that the Supreme Court decided Apprendi. United States v. Brown, 217 F.3d 247 (5th Cir.2000). Randle's attorney then raised Apprendi issues in a petition for certiorari. In a one-sentence order, the Supreme Court remanded this case for

3

further consideration in light of Apprendi. Randle v. United States, 121 S. Ct. 1072 (2001).

**DISCUSSION**

Randle asserted for the first time in his certiorari petition that the district court should have submitted the drug quantity and weapons possession issues to the jury. We may consider Randle's Apprendi claims even though he did not raise them in his original appellate brief. United States v. Miranda, 248 F.3d 434, 443-44 (5th Cir. 2001) (considering Apprendi claims even though appellants did not raise them in their appellate briefs).

Because Randle did not previously contest the district court's failure to submit the sentencing issues to a jury, we review his claim for plain error. A remand for resentencing may be ordered only 1) if there was error; 2) the error was plain; 3) the error affected Randle's substantial rights; and 4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 444-45.

**1. Drug Quantity.**

Randle's sentence exceeded the statutory maximum based on the judge's fact findings at the sentence hearing concerning drug quantity. Because it is settled in this court that, after Apprendi, drug quantity is an element of a drug trafficking crime under 21 U.S.C. § 841 that potentially enhances the statutory

4

maximum and must be submitted to a jury, this court has found that the lack of such submission can satisfy the elements of plain error. United States v. McWaine, 243 F.3d 871, 875-75 (5th Cir. 2001) (finding plain error where the government failed to indict or prove at trial drug quantity); United States v. Thomas, 246 F.3d 438, 439 (5th Cir. 2001); United States v. Meshack, 225 F.3d 556, 578 (5th Cir.2000) (same); United States v. Burton, 237 F.3d 490, 490-91 (5th Cir.2000) (same).[1] The error in this case, in failing to submit the quantity of drugs to the jury, was plain.

The difficult questions here are whether the error was harmless, i.e. whether it affected Randle's substantial rights, and whether the error, left uncorrected, seriously affects the fairness, integrity or public reputation of the proceedings. As the district court observed, Randle would have received a base offense level of 38 even if he was responsible for just 1.5 kilograms of crack. Three witnesses testified that Randle personally engaged in transactions involving far larger quantities. This testimony, combined with other testimony that Randle was one

---

[1] One could read those decisions as suggesting that this type of error is always reversible plain error. This is inaccurate. In other cases, this court has refused to resentence defendants because errors were harmless, when the jury had effectively ruled on drug quantities or the evidence of quantity at trial was overwhelming or uncontested. United States v. Green, 246 F.3d 433, 437 (5th Cir.2001) (finding harmless error because a jury could not reasonably have found a lesser drug quantity); United States v. Miranda, 2001 U.S. App. Lexis ____ F.3d ____, 6473, *22-24 (5th Cir.2001); United States v. Slaughter, 238 F.3d 580, 584 (5th Cir.2000). The precise trial procedure in each case determined the reversibility of an Apprendi error.

5

of the Richmond area's major drug suppliers, is very strong evidence that Randle is responsible for <u>at least</u> 1.5 kilograms.

Randle is responsible not only for the drugs that he was personally involved with, moreover, but for the drugs that he reasonably should have known were involved in the conspiracy. <u>United States v. Medina</u>, 161 F.3d 867, 876 (5th Cir.1998) (affirming a drug quantity finding based on the activities of the conspiracy). There was abundant evidence that Randle's co-conspirators purchased and sold far larger quantities of drugs. Given this evidence and the evidence of Randle's own transactions, a jury could not reasonably have found Randle responsible for less than 1.5 kilograms of crack.

Notwithstanding our belief that no reasonable jury could have found Randle responsible for less than 1.5 kilos of crack, the fact is, they did not so find and were not even inferentially asked to make any such finding. Confronted with similar patterns following <u>Apprendi</u>, this court has, in the cases cited above, reversed the sentences and remanded for resentencing. Consistency, fairness, and protecting the reputation of the proceedings demands that we do likewise here.

**2. Weapons possession.**

6

Randle also argues that <u>Apprendi</u> applies to the district court's failure to submit the two-level sentencing enhancement for weapons possession issue to the jury.  Section 2D1.1(b)(1) of the guidelines mandates a two-level enhancement for possession of a firearm "unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, cmt. 3 (2000). Here, little evidence connected Randle's shotgun to drug activity. While acknowledging that it was a close call, the district judge found by a preponderance of the evidence that a connection between Randle's shotgun and his drug crimes was not clearly improbable.

The enhancement poses no <u>Apprendi</u> problem, however. Application of enhancements called for by the guidelines may not be used to impose any sentence beyond the statutory maximum prescribed by an offense.  Thus, in <u>U.S. v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000), this court excluded from the ambit of <u>Apprendi</u> a court's factual findings under the guidelines.  Most circuit courts have adopted this approach.  <u>See</u>, <u>e.g.</u>, <u>U.S. v. Jones</u>, 245 F.3d 645, 651 (7th Cir. 2001); <u>U.S. v. Sanchez</u>, 242 F.3d 1294, 1299-1300 (11th Cir. 2001); <u>U.S. v. Kinter</u>, 235 F.3d 192, 201-02 (4th Cir. 2000).

**CONCLUSION**

7

Based on the above discussion, we conclude that the district court's failure to submit the drug quantity issue to the jury resulted in reversible plain error, and we **REVERSE** and **REMAND** only for resentencing Travis Randle.