IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20783

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROY WHITE, also known as Pumpkin, also known as Derrick
Gilford,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(99-CR-628)
_____

October 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James White appeals the sentence imposed following his
conviction for possession with intent to distribute more than 50
grams of cocaine base and conspiracy to possess with intent to
distribute more than 50 grams of cocaine base in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  He argues that the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court, in light of *Apprendi v. New Jersey*,[1] erred in refusing to instruct the jury to find that a specific quantity of drugs was involved that would support his sentence. Finding the *Apprendi* error, however plain, to be harmless, we AFFIRM.

I

White's arrest and conviction results from an undercover operation during which law enforcement officers infiltrated a crack cocaine trafficking ring that involved White, Anthony Wayne Clark, and Shawn Allen Glover. Houston Police made undercover purchases of crack on several occasions from these individuals for several months leading up to October 1998. On October 7, 1998, Clark agreed to sell 18 "cookies" of crack to an officer for $11,000.[2] White supplied 14 of these "cookies" for the October 7 sale. White was arrested at the scene of the sale along with Clark (Glover escaped). A bag of crack was thrown by Glover under Clark's car, but it was retrieved by the police. The bag contained 387.6 grams of crack.

White was convicted on both counts after a three-day trial that began on March 6, 2000. Owing to his prior convictions, White

___

[1] 530 U.S. 466 (2000).

[2] Each "cookie" weighed between 20 and 28 grams.

2

received concurrent life sentences followed by 10 years of supervised release.

## II

Since White's sentence is within the permitted range of the statute under which he was indicted,[3] the only *Apprendi* error in this case (and the only *Apprendi* error White argues on appeal) arises from the district court's failure to instruct the jury on the issue of drug quantity. "[I]f the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."[4] The specification of a drug quantity range in the indictment is sufficient to satisfy *Apprendi*.[5]

Since White did not object to the jury instruction at trial, our review here is for plain error.[6] In order for us to reverse we must find "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial

---

[3] 21 U.S.C. § 841(b)(1)(A).

[4] *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000).

[5] *United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001).

[6] *United States v. Delgado*, 256 F.3d 264, 280 (5th Cir. 2001).

proceedings."[7]  The failure to instruct the jury on drug quantity was erroneous,[8] as the Government admits.

We have consistently found the *Apprendi* error present here to require that the defendant's sentence be vacated unless the error is harmless.[9]  While a failure to allege a drug quantity in the indictment will usually require reversal,[10] the mere failure to properly instruct the jury regarding drug quantity is subject to harmless error analysis.[11]  This distinction apparently arises from the fact that a failure to allege drug quantity in the indictment, in contrast to a failure to properly instruct the jury when they have a proper indictment, will provide us with "no way to infer from the record that such a [quantity] determination was made by the jury."[12]

While justification for the distinction between defects in the indictment and erroneous jury instructions in our jurisprudence is

---

[7] *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).

[8] *Doggett*, 230 F.3d at 164-65.

[9] *United States v. Randle*, 259 F.3d 319, 321 (5th Cir. 2001).

[10] *Id* at 322 n. 1.  *See also United States v. Baptiste*, No. 99-31027, 2001 WL 1006712 at *12-13 (5th Cir. Aug. 31, 2001).

[11] *United States v. Green*, 246 F.3d 433, 437 (5th Cir. 2001); *United States v. Slaughter*, 238 F.3d 580, 583-84 (5th Cir. 2001).  *See also United States v. Gonzalez*, 259 F.3d 355, 359 (5th Cir. 2001) (distinguishing omission from the indictment from failure to instruct jury on quantity).

[12] *Baptiste*, 2001 WL 1006712 at *13.

4

perhaps questionable,[13] Supreme Court precedent requires that we apply the harmless error test to the erroneous instruction of the jury.[14] We have previously applied the harmless error test when reviewing the district court's *Apprendi* error in failing to instruct the jury on the issue of drug quantity entirely.[15]

In this case, the district court instructed the jury as to quantity, but gave an instruction that misstated the law, only requiring the jury to find whether there was a "detectable amount of cocaine base." Harmless error applies here as well, and we conclude from our review of the record that no rational jury could have found that White's involvement in both the conspiracy and the distribution of the crack in this case related to a quantity less than 50 grams, when the overwhelming evidence is that the October 7, 1998 sale involved some quantity in excess that amount, considering that each "cookie" of crack weighed between 20 and 28 grams, and *at least fourteen* were involved. White himself confessed that he supplied the crack. The *Apprendi* error in this case, therefore, was harmless.

---

[13] *Id*. ("Several circuits have, by contrast, applied the plain error standard in similar cases [where the indictment is silent on drug quantity] and affirmed enhanced sentences.") (citing *United States v. Promise*, 255 F.3d 150, 161 (4th Cir. 2001) (en banc) (opinion of four judges); *United States v. Pease*, 240 F.3d 938, 943-44 (11th Cir. 2001); *United States v. Mojica-Baez*, 229 F.3d 292, 310-12 (1st Cir. 2000)).

[14] *See Neder v. United* States, 527 U.S. 1 (1999) (holding that omission of element of offense from jury instruction subject to harmless error review); *Illinois v. Pope*, 481 U.S. 497, 504 (1987) (holding that erroneous instruction of jury as to offense element is subject to harmless error review).

[15] *Green*, 246 F.3d at 436-37; *Slaughter* 238 F.3d at 583-84.

III


For the foregoing reasons, White's sentence is AFFIRMED.