United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40246
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS MUNOZ-HERNANDEZ,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Texas
(L-02-CR-1280-ALL)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review Defendant - Appellant, Jesus Munoz-Hernandez's (hereinafter,

"Munoz"), conviction for possession with intent to distribute more than five kilograms of cocaine

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). For the following reasons, we uphold the

conviction.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

# I.

## FACTUAL BACKGROUND

Munoz was stopped by United States Customs Enforcement officers at the primary inspection point at International Bridge II in Laredo, Texas when a drug-detecting dog alerted an officer to the vehicle driven by Munoz. Munoz told the officer that he was going to an auto parts store in Laredo and that the vehicle he was driving belonged to his wife. The officer testified that when Munoz handed him his resident alien card, he noticed that Munoz's hand was shaking. Based upon this evidence, the officer sent Munoz to the secondary inspection area. After inspecting the vehicle, officers found 33 kilograms of cocaine hidden beneath a trap door in the rear cargo area of the vehicle. The officers also found tools in the vehicle's center console that could be used to access the hidden compartment.

Munoz allegedly told the officers that a woman named Catalina had initially approached him and asked him to smuggle vehicles with marijuana hidden in them, but that he had said no. Munoz said that the woman later approached him again and asked him to drive a vehicle to Laredo and buy auto parts. Munoz also allegedly told the officers that another man would meet him at the auto parts store, and that the man would keep the vehicle after dropping Munoz off at the International Bridge.

At trial, Munoz denied telling the officers that he was supposed to leave the vehicle with a man in Laredo. He also denied knowing that there were drugs hidden in the vehicle. However, the jury found Munoz guilty, and the district court sentenced him to 151 months' imprisonment, five years' supervised release, and a $100 special assessment. Munoz timely appealed.

## II.

## SUFFICIENCY OF THE EVIDENCE

Munoz first argues that the evidence was insufficient to support his conviction, but his argument is without merit. The foregoing evidence supports the jury's reasonable inference that Munoz was aware of the drugs found in the vehicle, and thus, the evidence is sufficient to support his conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003).

Munoz also argues that the evidence was insufficient because the Government was required to prove that he knew the drug type and quantity of the controlled substance found in the vehicle. Munoz bases his argument on the instruction provided to the jury, which he contends imposed such a requirement.

We disagree. The jury instruction, when read as a whole and in the context of the trial, does not require the jury to find that Munoz had knowledge of the drug type and quantity. Such knowledge is not ordinarily an element of the offense under 21 U.S.C. § 841. *See United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir.), *cert. denied*, 123 S. Ct. 2241 (2003); *United States v. Fotovich*, 885 F.2d 241, 242 (5th Cir. 1989). Further, the purported additional knowledge element was not alleged in Munoz's indictment. *See United States v. Taylor*, 933 F.2d 307, 310 (5th Cir. 1991).

## III.

## PROSECUTORIAL MISCONDUCT

As previously stated, Munoz and the testifying customs officer gave different accounts of what Munoz told the officers when he was arrested. Munoz argues for the first time on appeal

that the Government committed reversible plain error by asking him under cross-examination whether the officer lied about statements he claimed Munoz made when he was arrested. Munoz also argues that the prosecutor committed error by reasserting during closing arguments that Munoz was calling the customs officer a liar, and that the jury should determine which witness they found credible.

It is improper for the Government to cross-examine witnesses in such a way as to force the witness to call other witnesses liars, and we have determined that such questioning is prosecutorial misconduct. *See United States v. Williams*, 343 F.3d 423, 437 (5th Cir.), *cert. denied*, 123 S. Ct. 966 (2003); *United States v. Thomas*, 246 F.3d 438, 439 n.1 (5th Cir. 2001). However, because Munoz is raising the argument for the first time on appeal, we review for plain error. *See United States v. Tomblin*, 46 F.3d 1369, 1386 (5th Cir. 1995). Under the plain error standard, Munoz must show that (1) there is an error; (2) the error is plain; and (3) the error affects his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Because the Government concedes that the prosecutor's statements were improper and plain error, we move to the next step in our analysis, which is to determine whether the prosecutor's statements affected Munoz's substantial rights. *See Williams*, 343 F.3d at 437.

The prejudicial effect of the prosecutor's statements was small in light of the fact that the statements came after Munoz had already contradicted the officer's testimony. Implicitly, Munoz had already called the officer a liar, and the prosecutor's statements only verbalized that fact to the jury. The district court properly instructed the jury that they were to determine the credibility of the witness' testimony, thus militating against a finding of reversible error. *See id.* at 438.

As the evidence is sufficient to support Munoz's conviction, Munoz has failed to

demonstrate that the prosecutor's statements affected his substantial rights and amounted to plain error. *See id.*

## IV.

## CONSTITUTIONALITY OF 21 U.S.C. § 841

Finally, in order to preserve the issue for further review, Munoz raises the argument that 21 U.S.C. § 841 is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We have rejected that argument and will not reconsider it here. *United States v. Slaughter*, 238 F.3d 580, 581-82 (5th Cir. 2000).

## V.

## CONCLUSION

For the foregoing reasons, we affirm the conviction.