United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40246
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MUNOZ-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1280-ALL

_____

Before HIGGINBOTHAM and DEMOSS, Circuit Judges.*

PER CURIAM:**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Jesus Munoz-Hernandez contends that his Sixth Amendment right
to a jury trial was violated when he was sentenced based on facts
not found by a jury, citing *United States v. Booker*.[1]  We conclude
that his sentence must be affirmed.

_____

* This appeal is being decided by a quorum due to the passing of Judge
Reynaldo Garza.  28 U.S.C. § 46(d).

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5th Cir. R. 47.5.4.

[1] 125 S. Ct. 738 (2005).

Munoz-Hernandez was convicted by a jury for possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The PSR indicated that Munoz-Hernandez was responsible for 33.25 kilograms of cocaine, fixing his base offense level at thirty-four and producing a Guidelines imprisonment range of 151-188 months. Consistent with the probation officer's recommendation that Munoz-Hernandez be sentenced at the "low end" of the range, the district court imposed a sentence of 151 months' imprisonment. We affirmed in an unpublished opinion.[2] Following its decision in *Booker*, the Court vacated our judgment and remanded for further consideration in light of *Booker*.[3]

Munoz-Hernandez concedes that he failed to preserve error with respect to his *Booker* issue. Thus, our review is for plain error only.[4] "We find plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights."[5] If all three of these conditions are met, we may exercise our discretion to notice the error if "the

---

[2] *United States v. Munoz-Hernandez*, 94 Fed. Appx. 243 (5th Cir. Apr. 19, 2004) (unpublished).

[3] *Munoz-Hernandez v. United States*, 125 S. Ct. 999 (Mar. 1, 2005).

[4] *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). As part of this conclusion, we observe that Munoz-Hernandez did not "repeatedly object" to the district court's determination of drug quantity on the ground that the figure had not be proven at trial, nor did he "consistently urge" that the district court confine its determination to the amount alleged in the indictment. *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005).

[5] *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005) (citing *United States v. Olano*, 507 U.S. 725, 732-37 (1993)).

error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[6]

Munoz-Hernandez satisfies the first two prongs of the plain error test because the district court committed Sixth Amendment *Booker* error and because that error is now plain after *Booker*.[7] With respect to prejudice, Munoz-Hernandez argues that three facts indicate that the district court would likely have assessed a different sentence under an advisory regime: (1) his sentence was placed at the very bottom of the Guidelines range; (2) he was a first-time offender; and (3) his conviction resulted in deportation proceedings being initiated against him. These facts are insufficient to establish, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one," Munoz-Hernandez would have received a lesser sentence.[8]

Having reconsidered in light of *Booker*, we REINSTATE our decision affirming Munoz-Hernandez's conviction, and AFFIRM his sentence.

---

[6] *United States v. Cotton*, 535 U.S. 625, 631 (2002).

[7] *See Infante*, 404 F.3d at 394; *Mares*, 402 F.3d at 520.

[8] *Infante*, 404 F.3d at 395; *compare United States v. Bringier*, 405 F.3d 310, 317 n.4 (5th CIr. 2005) ("[T]he fact that the sentencing judge imposed the minimum sentence under the Guideline range . . . alone is no indication that the judge would have reached a different conclusion under an advisory scheme."), *with United States v. Pennell*, 409 F.3d 240, 245-46 (5th Cir. 2005) (sentence placed at the bottom of the Guidelines range plus a statement by the district court that, "from many standpoints of fairness and justice," it would be better to sentence outside the Guidelines range sufficient to establish prejudice).