United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10991
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARVIS ANTONIO DAVIS,
also known as Shorty,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-11-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Jarvis Antonio Davis challenges his sentence under 21 U.S.C. § 841(a)(1) & (b)(1)(C) following his conviction for delivery of a controlled substance. First, he asserts that the district court clearly erred in calculating the quantity of drugs attributable to him. The district court heard testimony from witnesses Eric McKinney, Cassandra Moore, and Scott Tobey that supported its finding that between 500-1500 grams of cocaine were sold as part of the jointly undertaken criminal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activity that included Davis.  As the court's finding is plausible in light of the record as a whole, it is not clearly erroneous. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Next, Davis contends that the two-level enhancement he received for possessing a firearm was unreasonable.  He complains that the shotgun he allegedly possessed was never shown to have been used to facilitate drug trafficking activity.  Although Moore testified that she saw Davis carry a shotgun into a room and that Davis told her that he had just traded drugs for it, Davis asserts that her testimony is not credible.

An enhancement under U.S.S.G. § 2D1.1(b)(1) is mandated when the defendant possessed a firearm "'unless it is clearly improbable that the weapon was connected with the offense.'"  United States v. Randle, 304 F.3d 373, 378 (5th Cir. 2002)(quoting § 2D1.1, cmt. 3 (2000)).  We will not disturb the district court's credibility determinations during sentencing.  See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996).  Accordingly, the court's finding that Davis possessed a firearm in connection with the sale of crack cocaine is plausible in light of the record, and the application of the enhancement is not clearly erroneous.  See Caldwell, 448 F.3d at 290.

Finally, Davis contests to the district court's finding that he failed to demonstrate his acceptance of responsibility clearly. He argues that the district court unfairly penalized him for objecting to the drug quantity listed in the Presentence

2

Investigation Report.  Davis frivolously asserted during the sentencing hearing, however, that only eight grams of crack cocaine were involved in the jointly undertaken criminal activity; he also sponsored testimony by his mother that he had never visited the town where the activity took place.  As there was a foundation for the district court's determination that Davis failed to demonstrate his acceptance of responsibility, its finding to that effect is not clearly erroneous.  See United States v. Medina-Anicacio, 325 F.3d 638, 648 (5th Cir. 2003); United States v. Washington, 340 F.3d 222, 227-28 (5th Cir. 2003).

The sentence imposed by the district court is AFFIRMED.