# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-41085
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID JOEL BARELA

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-174-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

David Joel Barela was convicted of one count of conspiracy to possess with intent to distribute or dispense over 50 grams of a substance containing methamphetamine (Count One), one count of possession with intent to distribute or dispense methamphetamine (Count Two), and one count of being a felon in possession of a firearm (Count Three). Barela was sentenced to concurrent 150-month terms of imprisonment on Counts One and Two and to another concurrent term of 120 months of imprisonment on Count Three. His imprisonment is to be followed by concurrent eight-year terms of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release on Counts One and Two and by another concurrent three-year term of supervised release on Count Three. Barela was also ordered to pay $6,000 in fines and $300 in special assessments.

Barela contends that the district court erred in overruling his objection to the chain of custody with respect to four pieces of evidence: a Glock .45 caliber semi-automatic handgun (exh. 3), a Titan .25 caliber semi-automatic handgun (exh. 4), a glass pipe (exh. 46), and a digital scale (exh. 47). When Barela challenged the admission of this evidence below, the Government made the requisite prima facie showing of authenticity. See United States v. Sparks, 2 F.3d 574, 582 (5th Cir. 1993). Accordingly, the district court did not abuse its discretion in overruling Barela's objection. See United States v. Dixon, 132 F.3d 192, 197 (5th Cir. 1997).

Barela also contends that the district court committed plain error when it sentenced him under the statutory maximum term of life imprisonment in 21 U.S.C. § 841(b)(1)(B) rather than the 30-year maximum term in (b)(1)(C) for his conviction on Count Two of possession with intent to distribute methamphetamine following a prior conviction for a felony drug offense. The district court did in fact commit clear error in sentencing Barela under the higher statutory maximum in subsection (b)(1)(B) because the indictment did not charge—and the jury did not find beyond a reasonable doubt—that he possessed 50 grams or more of methamphetamine with respect to Count Two as required for subsection (b)(1)(B) to apply. See United States v. Randle, 304 F.3d 373, 376 (5th Cir. 2002). However, Barela's 150-month prison sentence on Count Two did not exceed the statutory maximum of 30 years of imprisonment in § 841(b)(1)(C), and Barela did not show that the error affected his substantial rights. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000) (affirming on de novo review). Because Barela has not shown plain error, see United States v. Olano, 507 U.S. 725, 731-37 (1993), we affirm his sentence.

The judgment of the district court is AFFIRMED.