# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60675
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERWIN RENWICK MCWAINE, also known as Skibow,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CR-22-1

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Derwin Renwick McWaine, federal prisoner # 10797-042, was convicted of conspiracy to distribute crack cocaine, possession with the intent to distribute marijuana, possession of a firearm by a felon, possession of a firearm with an obliterated serial number, and nine counts of money laundering. We affirmed McWaine's convictions but vacated his sentence and remanded the case to the district court for resentencing in light of *Apprendi v. New Jersey*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 466 (2000).  *United States v. McWaine*, 243 F.3d 871, 874-76 (5th Cir. 2001)*, overruled on other grounds as recognized by United States v. Randle*, 304 F.3d 373, 377 n.2 (5th Cir. 2002).  On remand, McWaine was resentenced to a total of 50 years of imprisonment, which included a statutory maximum 20-year sentence for conspiracy to distribute crack cocaine under 21 U.S.C. § 841(b)(1)(C).  His subsequent appeal was unsuccessful.  *United States v. McWaine*, 290 F.3d 269, 277 (5th Cir. 2002).

Subsequently, McWaine moved the district court to correct a purported clerical error under Federal Rule of Criminal Procedure 36.  He asserted that the Presentence Report (PSR) had not been revised prior to his resentencing and still reflected that he was subject to the statutory sentencing range of 21 U.S.C. § 841(b)(1)(A).  The district court denied the Rule 36 motion and denied McWaine leave to proceed in forma pauperis (IFP) on appeal, finding that the appeal would be frivolous.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  FED. R. CRIM. P. 36.  A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another.  *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).  McWaine's PSR does not have a clerical error.  The purported error in the PSR is not clerical in nature and was corrected on direct appeal.  *See id.; see also McWaine*, 243 F.3d at 875-76.  To the extent McWaine argues that he was sentenced under an improperly calculated guidelines range, the arguments presented by McWaine challenge the sentence imposed and not a clerical error.

Because McWaine is clearly not entitled to relief under Rule 36, his appeal does not present any nonfrivolous issue, and he has not shown that it

No. 14-60675

is taken in good faith.  *See United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990); *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2.