# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-40427
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADAM TELLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CR-27-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Adam Tello was convicted by a jury of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), and he was sentenced within the guidelines range to a 360-month term of imprisonment and to a five-year period of supervised release. On

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40427

appeal, Tello argues that insufficient evidence supported his conviction and that his sentence should be vacated. We reject both arguments and affirm.

I.

Tello first contends that the evidence introduced to prove his guilt was insufficient. Because Tello moved for a judgment of acquittal, our review is de novo. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014). We will not overturn "the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005) (internal quotation marks and citation omitted).

To convict Tello of conspiracy to distribute methamphetamine, the Government had to prove (1) that there was an agreement between two or more persons to violate the narcotics laws; (2) that Tello knew of the agreement; and (3) that Tello voluntarily participated in the conspiracy. *See United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011). Where, as here, the Government seeks enhanced penalties based on drug quantity under 21 U.S.C. § 841(b)(1)(A)(viii), "the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000).

Citing *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965), Tello asserts that testimony of the cooperating witnesses, Daniel Wesley Torres and Ruben Luna, should be disregarded because, apart from them, there was no evidence he had a conspiratorial agreement with anyone else during the period alleged in the indictment. This contention is without merit as the evidence showed that there were many other members of the conspiracy and that Torres and Luna conspired with Tello prior to the periods when they

were cooperating and prior to the period alleged in the indictment. *See United States v. Valdez*, 453 F.3d 25, 259-60 (5th Cir. 2006).

Tello insists that Torres and Luna were not credible. He asserts that there were multiple inconsistencies in Torres's testimony and that Luna initially identified another person as his source of supply. In general, this court will not disturb a jury's verdict or weigh the credibility of witnesses. *See United States v. Arledge*, 553 F.3d 881, 888 (5th Cir. 2008). "[A] conviction may be based even on uncorroborated testimony of an accomplice or of someone making a plea bargain with the government, provided that the testimony is not incredible or otherwise insubstantial on its face." *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991). Testimony will not be "declared incredible as a matter of law unless it asserts facts that the witness physically could not have observed or events that could not have occurred under the laws of nature." *Id.*

The jury was instructed that the testimony of a cooperating accomplice alone can be of sufficient weight to sustain a guilty verdict, although such testimony should be received with caution and weighed with great care. The jury was further instructed that it "should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt." *See Arledge*, 553 F.3d at 888. Tello does not assert that this instruction was inadequate. *See id.* at 888 n.1. Tello has not shown that Torres's and Luna's testimony was incredible as a matter of law. *See Osum*, 943 F.2d at 1405. Furthermore, the evidence showed that the offense involved more than 50 grams of methamphetamine (actual), as alleged in the indictment. *See Doggett*, 230 F.3d at 165. The evidence was sufficient to support Tello's conviction.

II.

Tello raises two sentencing issues: (A) whether the district court erred in increasing the offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(5) for importation of methamphetamine and (B) whether the district court erred in increasing the offense level by two levels pursuant to § 2D1.1(b)(1) because a dangerous weapon was possessed. We engage in a bifurcated review of the sentence imposed by a district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We first consider whether the court committed a "'significant procedural error,' such as miscalculating the advisory Guidelines range." *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012) (citation omitted). If there is no procedural error, or if any such error is harmless, we "may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *Id.* A district court's interpretation and application of the Guidelines is subject to de novo review, while factual findings are reviewed for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks and citation omitted).

Under § 2D1.1(b)(5), a defendant's offense level is increased by two levels if the methamphetamine was imported and the defendant did not receive a mitigating role adjustment. § 2D1.1(b)(5). For the enhancement to apply, the Government must show by a preponderance of the evidence that the offense involved the importation of methamphetamine. *United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 378 (2021). There is no scienter requirement, and it is not necessary to show that the defendant knew that the methamphetamine was imported. *See id.*

Although knowledge is not required, the Government asserts correctly that Tello's own statements, corroborated by Torres's testimony, show that he knew that the methamphetamine was imported. The evidence provided an ample basis for imposition of the importation enhancement. *See Arayatanon*, 980 F.3d at 452. Clear error has not been shown. *See Gomez-Valle*, 828 F.3d at 327.

Under § 2D1.1(b)(1), two levels are added to a defendant's offense level if a dangerous weapon was possessed. § 2D1.1(b)(1). The Government has the burden of proving by a preponderance of the evidence that the defendant possessed the weapon and may do so by showing that there was a temporal and special relationship between the weapon, the drug trafficking activity, and the defendant establishing that the defendant personally possessed the weapon. *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). If that burden is met, the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense. *Id.* at 396.

Torres and Luna both testified that Tello accepted guns as payment for methamphetamine. This court has applied this enhancement in barter cases. *See United States v. Glenn*, No. 93-4311, 1994 WL 24871, 6 (5th Cir. Jan. 10, 1994) (unpublished); *see, e.g., United States v. Harris*, 829 F. App'x 64, 65 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021); *United States v. Davis*, 193 F. App'x 316, 318 (5th Cir. 2006). The testimony of Torres and Luna was sufficient to prove by a preponderance of the evidence that weapons were possessed by Tello in connection with the offense. *See* § 2D1.1, comment. (n.12); *Ruiz*, 621 F.3d at 396. The district court did not clearly err in making this finding. *See Gomez-Valle*, 828 F.3d at 327.

No. 21-40427

Tello has not rebutted the presumption of reasonableness accorded to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The judgment is AFFIRMED.